## MELODY *vs.* CHANDLER.

A mortgagee of personal property can maintain an action against one attaching the goods as the property of the mortgagor, though there be a stipulation in the mortgage, that the mortgagor shall *retain the possession* of the property and sell it for the purpose of paying the mortgage debt.

THIS was an action of *trover* for the conversion of certain goods, which had been taken as the property of one *O'Reilly*, by the defendant, an officer having legal process against him.

The plaintiff claimed under a mortgage bill of sale from *O'Reilly*, made to secure a debt due to the plaintiff, and which contained a stipulation that *O'Reilly* should retain the possession of the goods — make sale of them in the regular course of his business, render an account of sale — and appropriate the proceeds to the payment of the mortgage debt.

The defendant's counsel contended, and requested *Perham J.*, who tried the cause in the Court of Common Pleas, so to instruct the jury, that the right of possession was not in the plaintiff at the time of the commencement of the action, and therefore that it could not be maintained. The Judge declined so to instruct the jury, but did instruct them, that if the mortgage was made for a valuable consideration, and in good faith, and a conversion by the defendant had been proved, the plaintiff was by law entitled to maintain the action ; and the jury accordingly returned a verdict for the plaintiff. To these instructions the defendant filed exceptions, and thereupon brought the case up to this Court.

*D. Williams*, for the defendant.

*Wells*, for the plaintiff.

PARRIS J. — We fully assent to the position of the defendant's counsel, that property leased may, during the continuance of the lease, be attached by the lessee's creditors ; and the lessor, until the expiration of the term, cannot maintain either *trover* for the conversion or *replevin* to regain the possession.

When the lessee is entitled to the beneficial use of the property, that right is liable to attachment and to be sold on execution. The use is so much property of his, of which his creditors may avail themselves during the existence of the lease, and the lessor is not presumed to be injured, as he has parted with his right for that term, and, at its expiration is to be reinstated in the same manner as if the possession of his lessee had not been interrupted.

Both parties treat this case as a mortgage by *O'Reilly* to the plaintiff, and the jury have found that the property was mortgaged for a valuable consideration and in good faith, and for the purposes specified in the instrument of conveyance. By this transaction the property passed to the plaintiff, and he acquired a

legal title thereto, subject only to the condition or right of re-demption. *Lunt* v. *Whitaker*, 1 *Fairf*. 310. Having the title he could make a sale which would be perfect, except against the mortgagor during the continuance.of his rights. But the mortga-gor could make no sale, because the right of property had passed from him and he had no power to convey it again, unless thereto authorised by the mortgagee, who held the legal title. Keeping these principles in view the case presents no difficulty. It is that of the owner of property employing another to make sale, and holding him accountable for the proceeds. *O'Reilly* does not stand in the relation of tenant or lessee to the plaintiff. There was no tenancy created, no lease executed or contemplated be-tween the parties. *O'Reilly* had no interest in the goods except as mortgagor, and that was not attachable. Under his authority to the plaintiff to make sale he acquired no rights in the property to be sold, either to its use or its proceeds. He is then to be considered as the agent or servant of the plaintiff, employed for a specific purpose, and invested with no other power than what is requisite to enable him to execute his agency. His possession of the chattels entrusted to him is the possession of his principal, and whenever that possession is unwarrantably interrupted to the injury of the owner, the law affords a remedy.

A trader employs his agent or servant to travel the country and make sale of commodities; are they liable for the agent's debts? A farmer sends his team with a load of produce to market; in whom is the legal possession? Will it be pretended that it is liable to be attached by the teamster's creditors, because the care and custody of it is entrusted to him for a special purpose and a limited period? A manufacturer puts his goods into the store of a commission merchant for sale; has he thereby so parted with the possession that they can be attached by the creditors of the latter, and the owner have no remedy? Clearly not. The course pursued by the defendant in this case, if of any benefit to him, would wholly defeat the plaintiff's mortgage. He does not pretend that he can, under his attachment, hold any thing more than *O'Reilly's* attachable interest. And what was that? As mortgagor, nothing. What other interest could he have? He was to account for all his sales until the mortgage was paid off.

Now if the defendant could attach this right to make sale, this agency of *O'Reilly's*, what benefit would be derived from it ? The authority to make sale of a quantity of goods, would be acquired under a corresponding obligation to account for every dollar of the proceeds. Surely, a creditor would make very little advance in the collection of his debt, by such a procedure. And yet, if he could do any thing more, or derive any further benefit from the goods attached, it would be defeating the express terms of the mortgage.

The error, into which the defendant has fallen, arises from considering *O'Reilly* as lessee of the property entrusted to him for sale. Viewed in this light, perhaps the case might not be wholly free from difficulty. But viewing him as he was, merely an agent or servant to make sale, and the whole difficulty vanishes. The *exceptions must be overruled and judgment entered on the verdict.*